Ryan L. Isenberg, *Pro Hac Vice*
ISENBERG & HEWITT, P.C.
1200 Altmore Ave., Suite 120
Sandy Springs, Georgia 30342
770-351-4400 (Voice)
770-828-0100 (Fax)
ryan@ihlaw.us

David N. Lake, State Bar No. 180775
LAW OFFICES OF DAVID N. LAKE,
 A Professional Corporation
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
david@lakelawpc.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ERTC EXPRESS, LLC, a Wyoming limited liability company, | Civil Action File No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| CALIBRE INTERNATIONAL, LLC, a California limited liability company, | **[JURY TRIAL DEMANDED]** |
| Defendant. | |

COMES NOW, ERTC EXPRESS, LLC, and files this Complaint against Calibre International, LLC, and shows this Court as follows:

**Parties, Jurisdiction, and Venue**

1.      ERTC EXPRESS, LLC ("ERTC Express" or "Plaintiff") is a Wyoming limited liability company that, by virtue of the citizenship of the membership, is a citizen of the State of Florida.

2.      CALIBRE INTERNATIONAL, LLC ("Calibre" or "Defendant") is a California limited liability company.  Upon information and belief none of the members of Calibre are citizens of Florida.

3.      Calibre's registered and principal office is located at 6250 N. Irwindale Ave., Irwindale, California 91702.

4.      As set forth in more detail below, ERTC seeks to recover in excess of $75,000 from Defendant.

5.      This Court has personal jurisdiction over Defendant Calibre.

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

**General Allegations**

8.      ERTC is one of the largest processors of employee retention credits ("ERC") as authorized by 26 U.S.C. § 3134.

9.      ERTC assists businesses in determining eligibility in the first instance and then calculates the amount the business may be entitled to seek, and in those instances where the business provides the proper authorization will file the requisite paperwork with the IRS.

10.     Calibre entered into a written agreement with Plaintiff dated January 21, 2023, pursuant to which Calibre engaged Plaintiff's services.  A copy of the agreement is attached hereto as Exhibit "A" (the "Agreement").

11.     Paragraph 3(c) of the Agreement between the parties provides as follows:  "ERTC Express shall have earned its Fees when it has presented to the Client the computation of ERTCs ensuing in this Agreement. Company's work is complete."

12.     Plaintiff performed all of the work under the Agreement, including a determination of Defendant's eligibility for and the amount of ERTC credit available to Defendant.

13.     Specifically, on or about January 25, 2023, Plaintiff determined Defendant's eligibility.

14.     Subsequently, after inquiry by Defendant, Plaintiff re-affirmed the eligibility and the amount that Defendant was entitled to claim as a credit which was $1,630,602.87.

15.     Upon information and belief, Defendant received all of the proceeds from the IRS in connection with the ERTC.

16.     Based upon the Agreement, Plaintiff is entitled to thirty percent (30%) of the proceeds.

## Count One
## Breach of Contract - Written
## (Against Defendant)

17.     Plaintiff incorporates paragraphs 1-16 above as if fully set forth herein.

18.     Plaintiff has fully performed under the Agreement, including any conditions precedent required under the Agreement, except for those which have been prevented or excused.

19.     Defendant has breached and repudiated the Agreement by failing and refusing to pay Plaintiff per the terms of the Agreement, and Plaintiff has sustained damage as a direct and proximate result of Defendant's breach of the Agreement.

20.     As a result of the breach Defendant owes Plaintiff $489,130.86 as reflected in the invoice attached hereto as Exhibit "B" plus interest as allowed by N.Y. C.P.L.R.  § 5004 or any other applicable law.

21.     In addition to actual damages and interest, per the Agreement the prevailing party is entitled to recover reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) For actual damages in the amount of $489,130.86;

(b) For prejudgment interest as allowed by law;

(c) For attorneys' fees as permitted under law or contract;

(d) For costs and expenses; and

(e) For such other and further relief as may be deemed necessary and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

DATED: January 31, 2024                    LAW OFFICES OF DAVID N. LAKE

By: _____
          DAVID N. LAKE

          Attorneys for Plaintiff

PAGE **4** OF **4**

# EXHIBIT A

# ERTC Express LLC

## <u>ERTC Client Service Agreement</u>

ERTC Express LLC ("ERTC Express", "the Company", "we" or "us") is pleased to provide the legal entities listed at Exhibit A ("Client" or "you") with consulting services ("Services") as it relates to supporting your legal claims to Employee Retention Tax Credits ("ERTCs") from the U.S. Department of Treasury, and taking into account other entities owned by you for purposes of applying the aggregation rules subject to Section 52(b) of the Internal Revenue Code of 1986.

1. **Recitals.**

    a. ERTC Express is a company duly organized in the State of Wyoming with offices located at 99 Wall Street, Suite 3620, New York, NY 10005 and is engaged in the employee retention tax credit consulting business on behalf of Client. ERTC Express agrees to assist in identifying, documenting and calculating Client's ERTCs.

    b. The ERTC consulting services that ERTC Express will provide to Client in the form of a report (hereinafter "Report") will include the documentation required by the Internal Revenue Service ("IRS") in order to obtain and substantiate these tax credits.

    c. Client is a business that desires to retain the services of ERTC Express.

NOW, THEREFORE, in consideration of the above recitals and the covenants, promises and mutual undertakings set forth herein, ERTC Express and Client (collectively, "Parties" and singularly "Party") intending to be legally bound and obligated, hereby agree as follows:

2. **Services and Engagement.** Client hereby authorizes ERTC Express and its accounting affiliates to identify and calculate tax credits on behalf of Client not claimed prior to the date of this Agreement by Client. The scope of the Report encompasses the ERTCs available for 2020 and 2021 tax years. In order to identify the tax credits pursuant to this Agreement, activities performed by ERTC Express may include, but are not limited to the following:

    • Review employer qualification for ERTCs;
    • Review employee compensation information for tax credit eligibility;
    • Assist Client with calculating eligible wages for ERTCs;
    • Review and analyze technical documentation for the credit year(s) and any year relevant to the Report; and
    • Assist Client with amending payroll tax returns to receive tax benefits in the form of refunds.

Client agrees to provide ERTC Express all financial and tax information reasonably necessary to allow the Company to perform its duties under this Agreement in order to provide Client with a complete and accurate Report.

3. **Deliverables and Benefits.**

    a. The Company's accounting affiliates will use best practices and advanced techniques to procure the highest possible advanced tax credit refund based upon the

**Exhibit**

**A**

information provided by Client to support Client's ERTC claims.

b.    The Company's accounting affiliates will provide amended Form 941-X and/or Form 7200 (Advance Payment of Employer Credits Due to COVID-19) on behalf of Client.

c.    ERTC Express shall have earned its Fees when it has presented to the Client the computation of ERTCs ensuing in this Agreement. Company's work is complete upon final calculation of ERTC credit claim(s).

d. In the unlikely event of an IRS examination or audit, ERTC Express will fully cooperate with the client, providing supporting documentation and analysis to support the ERTC claim.  ERTC Express shall reimburse the client for all costs incurred for such examination or audit to the extent the examination or audit is initiated due to errors or omissions on the part of ERTC Express.In the event post-audit penalties, fees and/or fines are imposed by the IRS due to errors or omissions on the part of ERTC Express, or the licensed professionals retained by ERTC Express to secure the employee retention tax credit (ERTC), the appropriate insurance policy claimant steps will be taken.

**4.    Authorization to Release Information.** Client hereby authorizes ERTC Express to prepare and submit through its affiliated companies to the IRS all paperwork, forms and materials associated with ERTC benefits. Client confirms that all materials and papers submitted by Client to ERTC Express are true and accurate to the best of Client's knowledge. Client further agrees to sign IRS Form 8821 ("Tax Information Authorization") so the Company and its affiliates can communicate with the IRS regarding the status of the refund from the IRS based on the Report.

**5.    Fees for Services.** For the above services rendered, Company shall receive a consulting fee equivalent to between fifteen percent (15%) to Thirty percent (30%) of ERTC credits.

Client shall choose one of three payment methods within five (5) business days upon completion of work and notification of ERTC credits due. If Client does not choose a payment method within five (5) business days upon completion of work and notification of ERTC credits due, then Client consents to using the default payment method of "Option 3" below. The payment methods/options are as follows:

*Option 1:  Full Payment:  15% Fee*
*Due at Completion of 941X;* ***Requires Zero Deposit***

Client may choose to pay Company's fee of fifteen percent (15%) of all ERTC credits within five (5) business days of notification of 941-X completion.

*Option 2: Defer Payment:  25% Fee*
*Client Defers Fee until IRS Pays ERTC Rebate;* ==***Requires 5% Deposit***==

In the event that Client chooses to pay Company's fee after filing and issuance of ERTC funding by the IRS, Client shall pay the Company total fee of twenty-five percent (25%) of the ERTC credits. Client agrees to execute all requested and

necessary documentation within five (5) days of receipt to facilitate proper ERTC filing.

In this payment method, Client agrees to pay the Company an initial deposit of (5%) of total ERTC Credits within five (5) business days of notification of 941-X completion. The remaining balance due of 20% of ERTC credits is handled as follows:

• All of Client's IRS ERTC funds will be sent to a verified IRS Lockbox for subsequent simultaneous disbursement to both Client and Company.
• Company shall be disbursed the remainder of its fee by Lockbox before disbursement of ERTC to Client.
• After full fee payment to Company, 100% of all remaining IRS disbursements shall be paid directly to Client from the Lockbox.
• Client agrees that the Lockbox is the paymaster and will process all IRS ERTC funds. Client understands that it must enter into an agreement with Lockbox provider in order for Company to proceed with filing.
• To facilitate this payment method, Client shall fill out and electronically sign two IRS form 8822-B(s) (initiating lockbox/closing lockbox).
• There is a minimum initial deposit fee of $5,000 on all deferred payment arrangements, which is deducted from total fees due to Company.
• Lockbox provider will keep the executed 8822-B on file and the Lockbox provider will process the second 8822-B form after payment of Fees to Company.
• Prior to filing, the Parties may supplement this agreement to contain an addendum memorializing the terms, payment method selected by Client, anticipated funding, and distribution breakdown of how funds are to be distributed so as to clarify and confirm payment terms for the Lockbox provider.

_Option 3:  Defer Payment without Deposit:  30% Fee_
_Client Defers Fee until IRS pays ERTC Rebate;_ **_Requires Zero Deposit_**

In the event that Client chooses to pay Company's fee after filing and issuance of ERTC funding by the IRS, Client shall pay the Company total fee of thirty percent (30%) of the ERTC credits. Client agrees to execute all requested and necessary documentation within five (5) days of receipt to facilitate proper ERTC filing.

In this payment method, Client agrees to pay the Company 30% of ERTC credits as follows:

• All of Client's IRS ERTC funds will be sent to a verified IRS Lockbox for subsequent simultaneous disbursement to both Client and Company.
• Company shall be disbursed the remainder of its fee by Lockbox before disbursement of ERTC to Client.
• After full fee payment to Company, 100% of all remaining IRS disbursements shall be paid directly to Client from the Lockbox.

• Client agrees that the Lockbox is the paymaster and will process all IRS ERTC funds. Client understands that it must enter into an agreement with Lockbox provider in order for Company to proceed with filing.
• To facilitate this payment method, Client shall fill out and electronically sign two IRS form 8822-B(s) (initiating lockbox/closing lockbox).
• Lockbox provider will keep the executed 8822-B on file and the Lockbox provider will process the second 8822-B form after payment of Fees to Company.
• Prior to filing, the Parties may supplement this agreement to contain an addendum memorializing the terms, payment method selected by Client, anticipated funding, and distribution breakdown of how funds are to be distributed so as to clarify and confirm payment terms for the Lockbox provider.

6.    **Exclusivity.** Client retains the Company exclusively to represent Client in obtaining all the ERTCs eligible to the client.

7.    **Non-Circumvention.**

a.    Company may introduce Client to one or more opportunities related to ERTC advanced funding (an "Opportunity" or "Opportunities"), including ERTC funding companies, funding agents, conduits to funding, or service providers. Any Opportunity to which Company introduces or connects to Client for ETRC funding purposes to which Client was not aware of that ETRC funding possibility shall be considered a Protected Account and be covered by this Non-Circumvention provision and other terms of this Agreement.

b.    For each ERTC funding source, funding agent, funding conduit, or service provider for which Company introduces to Client and provides Client with written notice of such introduction, including through email to your authorized representative, such funding source, funding agent, funding conduit, or service provider shall be deemed a "Protected Account" for three (3) years from the date of such notice. Notwithstanding the foregoing, if any such funding source, funding agent, funding conduit, or service provider that already had an existing relationship with Client and Client provides written notice of such existing relationship within ten (10) days of Company's written notice of introduction, such funding source, funding agent, or funding conduit shall not be a "Protected Account."

c.    Client agrees that neither it nor its employees, affiliates or assigns, shall enter into, or otherwise arrange (either for itself or any other person or entity) any business relationship, contact any person regarding such Opportunity or Protected Account, either directly or indirectly, or contact any of Client's affiliates, or accept any funding or advantage in relation to such Opportunity or Protected Account except directly through Company, without the prior written approval of Company.

8. **Confidential Information.** Parties agree to take all reasonable measures to keep all proprietary information confidential as obtained from each other and/or its employees. Further, Parties will not use such information in any way other than for the purposes contemplated in this Agreement.

**9. No Guarantee of Final Credit Amount.** ERTC Express will perform the services to the best of its ability and efforts. However, the Company does not provide any guarantee of success in obtaining tax credits or the amount, if any. Client acknowledges that its business may not be eligible for any tax credits or the IRS might materially alter or even eliminate the relevant tax code sections.

**10. Termination.**

a.    Client's termination by written notice or otherwise does not eliminate Client's duty to pay for the services contemplated by this Agreement. If Client terminates this engagement prior to completion of the procedures performed on the ERTC computation, the Company is owed thirty (30%) of the dollar amount of the ERTCs that are ultimately claimed by the Client.

**If for any reason ERTC Funds are never collected by the Client, then no fee will ever be due.**

b.    In the event either Party becomes insolvent or permits to be instituted against it any proceedings seeking its receivership, trusteeship, bankruptcy, reorganization, arrangement, readjustment of debt, assignment for the benefit of creditors or other proceedings under the Federal Bankruptcy Act or as provided by any other state or federal insolvency law, the other party may immediately terminate this Agreement at any time by giving written notice of such termination to the other party. Should such termination occur, any outstanding fees owed to ERTC Express shall become immediately due and payable. Upon termination, ERTC Express will instruct the Lockbox provider to stop the Lockbox processing, and any outstanding fees owed to Lockbox shall become immediately due and payable.

c.   The Company reserves the right to terminate this engagement at any time, with or without cause. Upon termination by the Company, all workpapers remain property of the Company. All payments are due upon termination by the Company.

**11. Limitations on Engagement.**

a.    Client is providing Company with all required documentation and files. As such, the Company is not providing any attestation services nor is any opinion being expressed as to the validity of underlying financial records, non-financial records, or evidential matter.

b.    If at any time Company determines that the Client's ERTC claim cannot be continued, or that it is not feasible or practicable to pursue the Client's ERTC claim, Company reserves the right to withdraw from further representation.

c.    The Company's procedures are not designed to identify or detect errors or irregularities in Client's financial statements. Further, the Company's procedures are not designed to identify or detect deficiencies in Client's internal controls.

d.    This engagement is limited to gathering Client-provided data, applying the Internal Revenue Code as created by the CARES Act of 2020, and modified by the American Rescue Plan Act of 2021 and the Infrastructure Investment and Jobs Act of 2021 and interpreted by the Internal Revenue Service, computing the legal ERTC

claims of the Client and providing the Client with documentation to support the Client's ERTC claims.

e.    Client acknowledges and agrees that all materials and information you provide to the Company is accurate and complete and that the Company will, without independent verification, rely on it for the purpose of providing the Services. The Company shall not assume any responsibility or have any liability for such materials or information.

f.    If Client has multiple companies and is approved for advanced funding, but advanced funding for ERTC claims is only approved to some of those companies, then the advanced funding will be allocated to pay the aggregate fee for all companies to ERTC Express and not just for the companies that receive advanced funding.

g.    If, at any time, ERTC Express records a decline, chargeback or other rejection of a charge of any due and payable fees on Client's account ("Chargeback"), this will be considered as a breach of Client's payment obligations hereunder. As a result, ERTC Express may accelerate all fees and future payments owed to be due immediately (including handling and processing charges and fees incurred by the payment processor), without derogating from any other remedy that may be applicable to us under these terms or applicable law.

h.    Client must disclose to ERTC Express any and all tax liens related to its company/companies for which it is seeking ERTCs. If tax liens show up that Client did not inform ERTC Express about, then ERTC Express has the express option to terminate this agreement. ERTC Express may allow the Client to pay the fees owed to ERTC Express in full in order to proceed with Client's ERTC claims. ERTC Express has the option to also refer the Client to a tax attorney for assistance.

i.    In the event of Client's default regarding costs and fees owed to Company, Company reserves the right to a first priority security interest and lien on any and all refunds or proceeds that are the subject of Company's ERTC services under this Agreement. Company's security interest and lien also will be for any sums owing to Company for any unpaid costs and fees at the conclusion of the ERTC services. The security interest and lien will attach to any recovery the Client may obtain. Company has the right to retain its share out of any amounts received by Company. The effect of such a security interest and lien is that Company may be able to compel payment of fees and costs from any such funds recovered by or on behalf of the Client even if this Agreement has terminated before the payment of any ERTC refund relating to any ERTC Claims.

j.    Client hereby agrees (a) to perform all acts that may be necessary to maintain, preserve, protect and perfect the security interest and lien granted to Company under subsection (i) above, and the perfection and priority of such security interest and lien, and (b) to procure, execute and deliver from time to time any endorsements, assignments, financing statements and other writings reasonably deemed necessary or appropriate by Company to perfect, maintain and protect its security and lien hereunder and the priority thereof, including the filing of a UCC-1 financing statement. The Client represents and warrants to Company that, upon the filing of UCC-1 financing statements in the appropriate filing offices, Company has or will have a first priority perfected security interest in the proceeds of any ERTC claims or refunds.

k.    If for any reason within thirty (30) calendar days of notification of 941-X completion, Client does not pay or execute all necessary paperwork and forms necessary to initiate opening of the lockbox to accept funds, Client agrees to allow, and Company may choose to file a UCC-1 financing statement against Client's assets and proceeds for the amount of fees due to Company.

l.    The Client hereby irrevocably appoints Company as the Client's attorney-in-fact (which appointment is coupled with an interest) to, and agrees that Company may, file UCC financing statements required to maintain, preserve, protect and perfect the security interest and lien granted to Company under subsection (i) above.

m.    Client is responsible for informing its certified public accountant and/or tax preparer of any and all ERTC funds received by client, and for reporting any and all ERTC funds on any required tax return/filing document.

**12.  Indemnification.**  Client agrees that it shall defend, indemnify, and hold harmless the Company and its affiliates and their officers, directors, employees, agents, successors, and assigns from and against all losses, damages, liabilities, deficiencies, actions, judgments, interest, awards, penalties, fines, costs, or expenses of whatever kind (including reasonable attorneys' fees) arising out of or resulting from Client's breach of any representation, warranty, or obligation under this Agreement, including (i) the negligent or willful acts or omissions of Client or its personnel, (ii) the performance or non--performance in supplying data to ERTC Express in connection with the services, (iii) the failure of Client to follow all IRS guidelines in regards to the CARES Act, or (iv) the failure of Client to take into consideration ERTCs when preparing its Federal Income Tax Returns.

**13.  Assignment.** ERTC Express may assign this Agreement at any time. However, given the unique nature of Client's operations and the Company's services, Client may not assign this Agreement without prior written consent of the Company. In addition, ERTC Express may assign any fees from Client to a third party. Notwithstanding the foregoing, ERTC Express reserves the right to associate itself with outside consultants and/or professionals in the performance of this Agreement. Should Client assign any of its rights hereunder without obtaining prior written consent from ERTC Express, that shall constitute a breach of this Agreement, and Client and/or the party to whom Client has assigned its rights, shall be liable for any and all fees arising out of this Agreement which will become immediately due to ERTC Express at the time of assignment.

**14.  Marketing and Promotion.** From time-to-time, the Company lists and/or mentions its Clients in its marketing and communications initiatives. Client agrees that the Company may use Client's name and logo worldwide, free of charge for such purpose.

**15.  Severability.** If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon a determination that any term or provision is invalid, illegal or unenforceable, the parties hereto shall negotiate in good faith to the court to modify this Agreement to effect the original intent of the parties as closely as possible in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

**16.  Arbitration.** Any dispute, controversy, or claim arising out of or related to this Agreement or any breach or termination of this Agreement, including but not limited to the

services ERTC Express provides to the Client, and any alleged violation of any federal, state, or local statute, regulation, common law, or public policy, whether sounding in contract, tort, or statute, shall be submitted to and decided by binding arbitration. The parties agree that any disputes arising out of or relating to this agreement shall be resolved by binding arbitration administered by JAMS. Any arbitration shall be governed by the laws of the State of New York, and the exclusive forum and venue for any dispute shall be in New York City, New York. In the event that an action or arbitration is brought in connection with a dispute arising under this Agreement, the prevailing party in such action is entitled to recover its reasonable attorney's fees, costs and expenses incurred in that matter from the non-prevailing party. Any arbitral award determination shall be final and binding upon the Parties. Judgment on the arbitrator's award may be entered in any court of competent jurisdiction.

**17.  Entire Agreement.** This Agreement is the entire agreement of the Parties regarding its subject matter and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, whether written or oral, regarding such subject matter. This Agreement may only be amended, modified, waived, or supplemented by an agreement in writing signed by both parties.

*{Signature Page Follows}*

IN WITNESS HEREOF, the parties hereto have caused this Agreement to be executed as of the date below. Please date and sign this Agreement to acknowledge your agreement with and acceptance of the terms for all entities listed in Exhibit A.

| **ERTC Express LLC** | **Client** |
|---|---|

Signature: John Souza

Name: __John Souza_____

Title: ___CEO_____

Date: _____

Address: __99 Wall Street

_____ Suite 3620_____

_____ New York, NY 10005

Signature: _Daniel Oas_____

Date: _01-21-2023_____

Name:  Daniel Oas

Title:   CEO

Company:  Calibre International

Address:
6250 N Irwindale Ave
Irwindale, CA 91702

# Exhibit A

|  Client Information | ERTC Express Information |
|---|---|

Business Name: Calibre Interational, LLC

Company Name: ERTC EXPRESS LLC

Contact Name: Kenan Ozcan

Contact Name: Processing Team

Cell Phone: 626-733-3196

Phone: 888-378-2826

Email: kozcan@highcaliberline.com

Email: processing@ertcexpress.com

Address:
6250 N Irwindale Ave
Irwindale, CA 91702

Address: 99 Wall Street

Suite 3620

New York, NY 10005

Approximate Number of Employees

Full-Time Employees: 63

Part-Time Employees: 0

Your Payroll Company (e.g., ADP, Paychex, CPA, Local Accountant): Paylocity _____

If you have more than one company, please list EACH company's name in the spaces below and they will be treated as separate agreements between ERTC Express LLC and each of the Client's companies. This will save you the time of having to complete multiple ERTC Client Engagement Agreements. By including companies and initialing below, you acknowledge that you have the authority to enter into this Agreement on behalf of each company and intend to bind each company to the terms of this Agreement.

1. _____          5. _____

2. _____          6. _____

3. _____          7. _____

4. _____          8. _____

Client Initials: _____  *D.O*

# Signature Certificate

Reference number: CXW9Q-UVKSD-XV7UM-7V65W

| Signer | Timestamp | Signature |
|---|---|---|
| **Kenan Ozcan**<br>Email: kozcan@highcaliberline.com | | |
| Sent:<br>Viewed:<br>Signed: | 20 Jan 2023 17:53:10 UTC<br>20 Jan 2023 17:53:29 UTC<br>21 Jan 2023 20:57:39 UTC | *Daniel Oas* |
| **Recipient Verification:** | | |
| ✔ Email verified | 20 Jan 2023 17:53:29 UTC | IP address: 172.102.72.158<br>Location: El Monte, United States |

Document completed by all parties on:
21 Jan 2023 20:57:39 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature
solution trusted by 30,000+ companies worldwide.



Form **2848**
(Rev. January 2021)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
## and Declaration of Representative

▶ Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

**For IRS Use Only**

Received by:

Name _____

Telephone _____

Function _____

Date ___ / ___ / ___

**Part I**   **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1**   **Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Calibre International, LLC | 95-Redacted |
| 6250 North Irwindale Avenue, Irwindale, CA 91702 | |

Daytime telephone number: 626-969-4660

Plan number (if applicable)

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2**   **Representative(s)** must sign and date this form on page 2, Part II.

Name and address

Harvey Fisher
6200 Dovenshire Ter
Fort Worth, TX 76112

**Check if to be sent copies of notices and communications** ☒

CAF No. Redacted
PTIN Redacted
Telephone No. 817-720-6600
Fax No. 817-415-0558

Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

**Check if to be sent copies of notices and communications** ☐

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____

Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____

**(Note:** IRS sends notices and communications to only two representatives.)   Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____

**(Note:** IRS sends notices and communications to only two representatives.)   Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3**   **Acts authorized (you are required to complete line 3).** Except for the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| Income | 1120, 1120s, 1065, 1041 | 2020 thru 2025 |
| Payroll | 940, 941, 943, 944 | 2020 thru 2025 |
| Civil Penalties | not applicable | 2020 thru 2025 |

**4**   **Specific use not recorded on the Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions   .   .   .   .   .   .   .   .   .   .   .   ▶ ☐

**5a**   **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☒ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return;

_____

_____

☐ Other acts authorized: _____

**For Privacy Act and Paperwork Reduction Act Notice, see the instructions.**   Cat. No. 11980J   Form **2848** (Rev. 1-2021)

Form 2848 (Rev. 1-2021)

Page **2**

**b** **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ................

................................................................................................................................

**6** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this form. If you **do not** want to revoke a prior power of attorney, check here   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   ▶  ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** **Taxpayer declaration and signature.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, trustee, or individual other than the taxpayer, I certify I have the legal authority to execute this form on behalf of the taxpayer.

**▶ IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| *Daniel Oas* | 01-21-2023 | Managing Member |
|---|---|---|
| Signature | Date | Title (if applicable) |

| Daniel Oas | |
|---|---|
| Print name | Print name of taxpayer from line 1 if other than individual |

| **Part II** | **Declaration of Representative** |
|---|---|

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

**c** Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

**d** Officer—a bona fide officer of the taxpayer organization.

**e** Full-Time Employee—a full-time employee of the taxpayer.

**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

**h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). **See Special Rules and Requirements for Unenrolled Return Preparers** *in the instructions for additional information.*

**k** Qualifying Student or Law Graduate—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student, or law graduate working in a LITC or STCP. See instructions for Part II for additional information and requirements.

**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

**▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

**Note:** For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation—Insert above letter **(a–r).** | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| C | IRS | 00138354-EA | *Harvey Fisher* | Jan 20, 2023 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Form **2848** (Rev. 1-2021)

# Signature Certificate

Reference number: CXW9Q-UVKSD-XV7UM-7V65W

| Signer | Timestamp | Signature |
|---|---|---|
| **Kenan Ozcan** | | |
| Email: kozcan@highcaliberline.com | | |

Sent:     20 Jan 2023 17:53:10 UTC
Viewed:   20 Jan 2023 17:53:29 UTC
Signed:   21 Jan 2023 20:57:39 UTC

**Recipient Verification:**
✔ Email verified     20 Jan 2023 17:53:29 UTC

_Daniel Oas_

IP address: 172.102.72.158
Location: El Monte, United States

Document completed by all parties on:
21 Jan 2023 20:57:39 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature
solution trusted by 30,000+ companies worldwide.



**EXHIBIT B**

# ERTC.com

**EMPLOYEE RETENTION** TAX CREDIT

# INVOICE

200 Westpark Drive Suite 315
Peachtree City, GA 30269
**For Any Questions or Concerns:**
Please email Billing@ertc.com

| | |
|---|---|
| INVOICE NO. | 1000-29 |
| DATE | 1/26/2024 |
| CUSTOMER ID | TR62023-255 |

**TO**

Kenan Ozcan

**Calibre International, Llc**

6250 Irwindale Ave

Irwindale,  CA  91702

**SHIP TO**

ERTC Express

ATTN: Billing Department

200 Westpark Drive Suite 315

Peachtree City, GA. 30269

| DESCRIPTION | Percentage | AMOUNT | TOTAL |
|---|---|---|---|
| Employee Retention Tax Credit Service - ETR Group | 30% | $1,630,602.87 | $489,180.86 |

*Make all CASHIER'S checks payable to ERTC Express LLC*

*THANK YOU FOR YOUR BUSINESS!*

ERTC EXPRESS LLC- Wire Information

ADRESS: 200 Westpark Drive Suite 315
           Peachtree City, GA 30269

Account Number: Redacted

Routing Number: Domestic Wire Transfer: 121000248
Direct Deposits & Electronic Payments- 063107513

**Exhibit**

**B**